PER CURIAM.
Assuming, arguendo, that the several writings signed by the acknowledged agent of the defendants-appellants (the parties to be charged) sufficiently satisfied the statute of frauds requirement that an agreement, as here, “that is not to be performed within the space of 1 year from the making thereof” be evidenced by some written note or memorandum, § 725.01, Fla.Stat. (1979), nonetheless, we find no competent evidence in this record to prove, as was the plaintiff-appellee’s burden, that the defendants realized, or intentionally avoided realizing, any profits from the enterprise in which the plaintiff was employed so as to entitle the plaintiff to a money judgment in his favor for a percentage of such profits, as called for by the agreement. It is, moreover, clear that the sole theory upon which this case was tried was plaintiff’s claim that the defendants had breached the agreement by failing to pay the plaintiff a percentage of the alleged profits, that the sole basis for the judgment entered for the plaintiff (as expressly stated in the trial court’s order of clarification) was this alleged breach, that no other theory of recovery was asserted or tried by consent, and that, therefore, there is no other justification for the judgment entered. Accordingly, the judgment under review is
Reversed.